IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAINE J. WILLE,

                        Plaintiff,                          OPINION AND ORDER

     v.

                                                                13-cv-812-wmc

JEFF HENRY, *et al.*,

                        Defendants.

---

      Plaintiff Caine J. Wille is an inmate in custody of the Wisconsin Department of Corrections at Waupun Correctional Institution. Wille filed this proposed action against four officers employed by the Prairie du Chien Police Department pursuant to 42 U.S.C. § 1983, challenging the validity of a state court conviction from the Circuit Court for Crawford County, Wisconsin. He has been found eligible to proceed *in forma pauperis* and he has made an initial payment of $12.00 toward the filing fee in this case.

      Because plaintiff is incarcerated, the court is also required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, to screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, the court must deny leave to proceed further and will dismiss this case for reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.[1]

In 2006, Wille was charged in Crawford County Case No. 2006CF49 with vehicular flight to elude police in violation of Wis. Stat. §§ 346.04(3) and 939.62(1)(B). Those charges stemmed from his arrest by officers with the Prairie du Chien Police Department. After a jury found Wille guilty as charged, the circuit court sentenced him to serve one year in prison followed by a two-year term of extended supervision.

Wille has now filed suit for monetary damages pursuant to 42 U.S.C. § 1983, asserting that his conviction in Case No. 2006CF49 was obtained with false testimony. In particular, Wille contends that Officers Terry Sprosty, Kurt Wallin and Kyle Teynor of the Prairie du Chien Police Department "lied under oath" at his trial, putting him "into prison for a crime he did not commit." Wille seeks $10 million in compensatory and punitive damages, among other things, for the physical and emotional anguish caused by his wrongful conviction.

OPINION

Assuming that all of plaintiff's allegations are true, he cannot proceed with a claim under 42 U.S.C. § 1983. To recover damages for a prisoner's "unconstitutional

---

[1] The court has supplemented the facts with dates and procedural information about plaintiff's underlying criminal proceedings from public records available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited December 10, 2013). The court draws all other facts from the complaint, the attached statement of claims and two supplemental affidavits submitted by plaintiff (dkts. ## 4-5), which are deemed part of the pleadings. *See* FED. R. CIV. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider those documents to determine whether plaintiff has stated a valid claim).

conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Wille's allegations would, if true, necessarily implicate the validity of his conviction. Public records confirm that this conviction has not been invalidated or set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing that the disputed conviction has been invalidated or set aside, the rule in *Heck* precludes his claim for damages. Because his claims are barred, the court must deny leave to proceed and dismiss this case as legally frivolous. *See Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (A complaint that is barred by *Heck v. Humphrey* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g))

ORDER

IT IS ORDERED that:

1. Plaintiff Caine J. Wille's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice as legally frivolous.

2. The dismissal will count as a STRIKE for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

3. Although he has been found indigent, plaintiff is obligated to pay the remainder of the filing fee in monthly installments as set forth in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the prison facility where plaintiff is in custody, advising the warden of his obligation to deduct payments from plaintiff's inmate trust fund account until the $350 filing fee has been paid in full.

Entered this 17th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge