DOC NO
REC'D/FILED
2013 DEC 23  AM 10: 29
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

Caine J. Wille,
　　　　Plaintiff,

-v-

Case No. 13-CV-812-WMC

Jeff Henrycyetal.,
　　　　Defendants.

## NOTICE + MOTION OF APPEAL

NOW COMES the above-named plaintiff, proceeding pro se requesting appeal and review of the magistrate judge of the Western District of Wisconsin opinion for the following reasons:

1. The Court is "required" to screen "complaints" brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity § 1915(a). Court(s) must dismiss a complaint or portion thereof if the prisoner presents claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or defendants whom are immune from such relief. § 1915A(b) - 28 U.S.C.

2. A claim is "legally" frivolous when it lacks an arguable basis either in law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex. rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is "based" on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. However, the Courts "opinion" fails to factually prove any portion of the complaint as meritless or frivolous. After all, it is just what it is, an "opinion" and not a properly evaluated one at that.

3. To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. C. V. P. 8(a)(2). It is "not" necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, complaint must contain "sufficient" factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 556 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions,

Plaintiff never "consented" to even proceed in front of a magistrate judge. are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) "he" was deprived of a right secured by the Constitution or laws of the United States; and 2) the "deprivation" was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)(citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); See also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The Court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to Complaint, "plaintiff" states, "he received ineffective assistance of counsel," no gathering of facts or evidence or witnesses ever occurred, "two officers" whom were never present fabricated a story of a crime that "never" happened at all to secure a "wrongful" conviction.

No where in the Court's "opinion" do they inquire into a reasonable screening process that if conducted, by any "lay person" or 3rd grader would be able to conclude, "that the facts" in the Complaint are just that, "facts." No screening was conducted. A brief search of public record produced by the defense is not a "reasonable screening."

The Court has not reviewed "each" individual paragraph to properly conclude dismissal is remotely appropriate nor are "its" opinion's meritorious; Prison Litigation Reform Act ("P.L.R.A.") applies to instances where a constitutional violation "occurs" in prison; the P.L.R.A. rules may not apply here. This is not a prison conditions case, having been "screened" the Courts would of "figured" that out without this Statement of facts.

The opinion of the Courts about taking up this as civil is not relevant to the issues at hands. Civil/Criminal Courts are legit in any situation. If you lose a criminal case victim, witness etc. You may still bring a meritorious Complaint to a Civil Court.

Jurisdiction is granted here ultimately because State employees acted under color of State law. In no part of the Court's "opinion" of dismissal does it state the "due process rights" violations against Jeff Henry are dismissed or ever investigated for that matter. The Court has taken zero action in any "proper" screening procedure pursuant to their own rules.

## CONCLUSION

Plaintiffs claims are legally valid and Wille requests review of the Appeals Court and an "Official" gathering and review of the facts, "proper screening." Please send appeal form and proper screening would reveal Wille is in the process of reinstating his appeal rights. Courts opinion is invalid and premature, baseless and factless.

Dated 19th Day of December, 2013.

[signature]
J.W. #460695, W.C.I., P.O. Box 351
Waupun, WI 53963-0351

* Reply Requested; Notice of request + reply for Verification.

Ph. 920-324-5571

- 2 of 2 -